Mi...—Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8903 | DATE | 3/11/2003 |
| CASE TITLE | Mary Grzanecki vs. Officer M. Lopez, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Based on the original and supplemental submission by counsel, this Court denies all aspects of Lopez' motion at this time. (5-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 13 2003 | |
| | Notified counsel by telephone. | | date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/12/2003 | |
| | | 03 MAR 12 PM 4:10 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY GRZANECKI, et al., )
 )
 Plaintiffs, )
 )
v. ) No. 02 C 8903
 )
OFFICER M. LOPEZ, et al., )
 )
 Defendants. )

DOCKETED
MAR 1 3 2003

MEMORANDUM OPINION AND ORDER

Both sides' counsel have complied with this Court's request for supplemental filings in connection with the motion by defendant Martin Lopez ("Lopez") to dismiss several of the claims in this action: claims on behalf of the two minor coplaintiffs of their unreasonable (and hence unconstitutional) seizure and of the intentional infliction of emotional distress on them, and their mother's claim of a due process violation in Complaint Count III. Based on the original and supplemental submissions by counsel, this Court denies all aspects of Lopez' motion at this time.

As for the seizure issue relating to the minor children, Lopez relies on the absence of any intention to transport them to the police station to be detained or questioned in connection with the criminal charge against their mother. And Lopez' counsel goes on to urge that any claimed seizure was reasonable, because it avoided any claimed substantive due process violation that might have resulted if the minors had been left alone and

some harm had befallen them. But that bootstrapping argument cannot succeed if (as this Court must assume on the current motion to dismiss) these were minors of tender years, incapable of fending for themselves. On that premise, the officers' assertedly unconstitutional seizure of the minors' mother (which must also be assumed for present purposes) necessarily carried with it the level of involuntariness on the minors' part (the absence of freedom to leave) that is the hallmark of a seizure. Although the facts may ultimately play out differently, the threshold motion to dismiss under Fed. R. Civ. P. 12(b)(6) must be and is denied.

As for the intentional infliction of emotional distress claim, Lopez cites to the Illinois Supreme Court's reconfirmation in Corgan v. Muehling, 143 Ill.2d 296, 574 N.E.2d 602 (1991) of the previously announced zone-of-physical-danger rule as to claims of negligent infliction of emotional distress by bystanders (the category into which the children here fall). But nothing said in Corgan applies to a claim of intentional infliction of emotional distress. On that score this Court is of course prepared to apply the demanding standards that have been long established by the Illinois Supreme Court and reiterated, e.g., in Doe v. Calumet City, 161 Ill.2d 374, 641 N.E.2d 498 (1994)--but at this early pleading stage plaintiffs are entitled

to stay in court.[1]

Finally, although the matter is even less clear because of the permitted generality of the Count III allegations (buttressed by the required favorable inferences), that count must be sustained at this stage as well. This Court recognizes and has regularly applied the restrictive regime that has been announced in Albright v. Oliver, 510 U.S. 266 (1994) and the subsequent caselaw--our Court of Appeals' opinion in Newsome v. McCabe, 256 F.2d 747, 750-53 (7th Cir. 2001) exemplifies the more stringent approach that courts must now take to the attempted application of 42 U.S.C. §1983 to claims of the type at issue here. But in sheer pleading terms plaintiffs are afforded a good deal of leeway. Again this Court denies the motion to dismiss, but without prejudice to any future efforts to dismiss the Count III claim based on further information.

                                       _/s/ Milton I. Shadur_
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: March 11, 2003

---

[1] It may well be that somewhere down the road this Court, just as its colleague Honorable William Hart did in DuFour-Dowell v. Cogger, 969 F.Supp. 1107, 1123 (N.D. Ill. 1997), find the claim to be subject to dismissal. But that cannot be done at this pleading stage, given the favorable reading (and all favorable inferences) that must be given to the Complaint at this stage.

3